HANG AND ASSOCIATES, PLLC
Keli LIU (KL 9008)
136-18 39th Ave. Suite 1003
Flushing, NY 11355
Tel: (718) 353-8588
Fax: (718) 353-6288
*Attorneys for the Plaintiff, proposed FLSA Collective and Potential Rule 23 Class Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

------------------------------------------------------------------X
JUNG-HUA SUNG, *on behalf of himself and others similarly situated*

                      Plaintiff,

             v.

Village Super Market of NJ, LP, d/b/a/ ShopRite, Village Super Market Inc., d/b/a ShopRite, Tom "Doe", Harry Wang

                      Defendants,
------------------------------------------------------------------X

Case No:

**29 U.S.C. § 216(b) COLLECTIVE ACTION & F.R.C.P. 23 CLASS ACTION**

**COMPLAINT**

**Jury Trial Demanded**

    Plaintiff Jung-Hua Sung (hereafter referred to as "Plaintiff"), on behalf of himself and other similarly situated, by and through his attorneys, Hang & Associates, PLLC, hereby brings this complaint against Village Super Market of NJ, LP, d/b/a/ ShopRite, Village Super Market Inc., d/b/a ShopRite, Tom "Doe", and Harry Wang ("Defendants") and alleges as follows:

**INTRODUCTION**

1. This action is brought by Plaintiff, on behalf of himself as well as other employees similarly situated, against Defendants for alleged violations of the Federal Labor Standards Act, ("FLSA") 29 U.S.C. § 201 *et seq.* and of the New Jersey State Wage and Hour Law, NJSA§34:11-56 *et seq.* ("NJWHL"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

1

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NJWHL by engaging in a pattern and practice of failing to pay its employees, including Plaintiff, overtime compensation for all hours worked over forty (40) each workweek.

3. Defendants failed to track the number of hours that Plaintiff and similarly situated employees worked, including the hours they worked in excess of forty hours each week.

4. Defendants misclassified Plaintiff as exempt employee because Plaintiff had not worked under bona fide executive, administrative, or professional capacity even though he was hired as part of the Management Group.

5. Under FLSA, an employee is exempt from minimum wage and overtime requirement for "any employee employed in a bona fide . . .executive capacity." 29 U.S.C. § 213(a)(1). This exemption is commonly known as the "executive exemption."[1]

6. Under FLSA, an employee is exempt from minimum wage and overtime requirement for "any employee employed in a bona fide . . .administrative capacity." 29 U.S.C. § 213(a)(1). This exemption is commonly known as the "administrative exemption."[2]

---

[1] According to DOL regulations, "executive exemption" applies to employees:
(1) Compensated on a salary basis pursuant to § 541.600 at a rate per week of not less than the 40th percentile of weekly earnings of full-time nonhourly workers in the lowest-wage Census Region (or 84 percent of that amount per week, if employed in American Samoa by employers other than the Federal government), exclusive of board, lodging or other facilities. Beginning January 1, 2020, and every three years thereafter, the Secretary shall update the required salary amount pursuant to § 541.607;
(2) Whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;
(3) Who customarily and regularly directs the work of two or more other employees; and
(4) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight. 29 C.F.R. § 541.100

[2](a) To qualify for the administrative exemption, an employee's primary duty must be the performance of work directly related to the management or general business operations of the employer or the employer's customers. The phrase "directly related to the management or general business operations" refers to the type of work performed by the employee. To meet this requirement, an employee must perform work directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment. 29 C.F.R. § 541.201(a).

7. Plaintiff was not employed by Defendants under a bona fide professional, executive, or administrative capacity because he does not meet the regulatory requirements of any of the exemptions.

8. Plaintiff also did not fall under the learned professional exemption or any other exemption category.

9. The FLSA provides an exemption to the minimum wage and overtime requirement for "any employee employed in a bona fide . . . professional capacity." 29 U.S.C. § 213(a)(1). This exemption is commonly known as the "learned professional exemption."[3] See 29 C.F.R. § 541.301.

10. There is no regulation promulgated by the Department of Labor that exempts the entire profession of "chef" from the overtime and minimum wage standards. The Department of Labor has recognized that "[c]hefs, such as executive chefs and sous chefs, who have attained a four-year specialized academic degree in a culinary arts program, generally meet the duties requirements for the learned professional exemption." The exemption "is not available to cooks who perform predominantly routine mental, manual, mechanical or physical work." 29 C.F.R. § 541.301(e)(6).

11. Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgment interest; and/or (4) attorneys' fees and costs.

---

[3] According to the Department of Labor's regulations: (a) To qualify for the learned professional exemption, an employee's primary duty must be the performance of work requiring advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction. This primary duty test includes three elements: (1) The employee must perform work requiring advanced knowledge; (2) The advanced knowledge must be in a field of science or learning; and (3) The advanced knowledge must be customarily acquired by a prolonged course of specialized intellectual instruction. 29 C.F.R. § 541.301. The regulations further state that "advanced knowledge" must be "customarily acquired by a prolonged course of specialized intellectual instruction," and that the "best prima facie evidence" of the requirement is an academic degree. 29 C.F.R. § 541.301(d).

12. Plaintiff further alleges pursuant to New Jersey State Wage and Hour Law ("NJWHL") that he is entitled to recover from the Defendants: (1) unpaid overtime compensation, (3) liquidated damages equal to unpaid overtime, (4) prejudgment interest. (5) post-judgment interest, and (6) attorney's fees and costs.

## JURISDICTION AND VENUE

13. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New Jersey State Law claims pursuant to 28 U.S.C. § 1367(a).

14. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

15. Plaintiff Jung Hua Sung was employed as a Chef to work at ShopRite's in-store food department. Plaintiff first worked at ShopRite's branch store located at 2401D US Highway 22 W, Union, NJ 07083 from May 31, 2014 to approximately June 30, 2014. Plaintiff was then transferred to work at ShopRite's West Orange branch store located at 1 Rooney Cir, West Orange, NJ 07052 from approximately June 30, 2014 to February 25, 2017.

## DEFENDANTS

*Corporate Defendants*

16. Upon information and belief, Village Super Market Inc. is a domestic corporation organized under the laws of the State of New Jersey with a principal business address at 733 Mountain Ave, Springfield Township, NJ 07081.

17. Village Super Market, Inc. is engaged in the retail sale of food and nonfood products. As of July 30, 2016, the Company operated a chain of 29 ShopRite supermarkets, 18 of which are located in northern New Jersey, eight in southern New Jersey, two in Maryland and one in northeastern Pennsylvania.[4]

18. Village Super Market Inc. is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

19. Upon information and belief Village Super Market Inc. purchased and handled goods moved in interstate commerce.

20. Defendant Village Super Market of NJ, LP is a domestic limited partnership organized under the laws of the State of New Jersey.

21. Upon information and belief, Village Super Market of NJ, LP is a subsidiary or affiliate of Village Super Market Inc.

22. Upon information and belief, Village Super Market of NJ, LP. is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

23. Upon information and belief Village Super Market of NJ, LP. purchased and handled goods moved in interstate commerce.

*Owner/ Operator Defendants*

24. Defendant Harry Wang is a manager or supervisor for the Asian food sections of ShopRite's food departments in its stores in New Jersey.

25. Defendant Harry Wang acted intentionally and maliciously and is an employer pursuant to

---

[4] This information is taken from the Corporation's public profile
(http://www.reuters.com/finance/stocks/companyProfile?symbol=VLGEA.O).

FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NJWHL §34:11-4.1 and the regulations thereunder.

26. Upon information and belief, Harry Wang determined the wages and compensation of the employees of Defendants, including Plaintiff, and established work schedules and work load of the employees, maintained employee records, and had the authority to hire and fire employees.

27. Defendant Tom "Doe" is the general manager for the food departments of the twenty-nine (29) ShopRite branch stores in New Jersey.

28. Defendant Tom "Doe" acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NJWHL §34:11-4.1 and the regulations thereunder.

29. Upon information and belief, Tom "Doe" determined the wages and compensation of the employees of Defendants, including Plaintiff, and established work schedules and work load of the employees, maintained employee records, and had the authority to hire and fire employees.

30. Plaintiff has fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived.

### FLSA COLLECTIVE ACTION ALLEGATIONS

31. Plaintiff brings this action individually and on behalf of all other and former similarly situated employees, who were or have been misclassified by Defendants as exempt employees, and have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not paid overtime

compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

16. Plaintiff brings his NJWHL claims pursuant to Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all other and former employees, who were or have been misclassified by Defendants as exempt employees, and have been or were employed by Defendants on or after the date that is two (2) years before the filing of the Complaint in this case as defined herein (the "Class Period").

17. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P 23.

*Numerosity*

18. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

*Commonality*

19. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a. Whether Defendant employed Plaintiff and the Class within the meaning of the NJWHL;

    b. Whether Plaintiff and Class members are paid at least the minimum wage for each hour worked under the NJWHL;

    c. Whether Plaintiff and Class members are entitled to and paid overtime under the NJWHL;

    f. At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work;

*Typicality*

20. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation.

Defendants' corporate wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

21. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent representing Plaintiff in both class action and wage and hour employment litigation cases.

*Superiority*

22. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

23. Upon information and belief, Defendants and other employers throughout the state violate the NJWHL. Current employees are often afraid to assert their rights out of fear of direct or

indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF FACTS

24. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully overtime compensation of one and one half times (1.5x) his regular rate of pay for all hours worked over forty (40) in a given workweek.

25. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime compensation. Defendants knowingly and willfully misclassified Plaintiff as an exempt employee.

26. Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

27. Plaintiff Sung was employed as a Chef to work at ShopRite's in-store food department. Plaintiff first worked at ShopRite's branch store located at 2401D US Highway 22 W, Union, NJ 07083 (the "Union Store") from May 31, 2014 to approximately June 30, 2014. Plaintiff was then transferred to work at ShopRite's West Orange branch store located at 1 Rooney Cir, West Orange, NJ 07052 (the "West Orange Store") from approximately June 30, 2014 to February 25, 2017.

28. Plaintiff worked similar work schedule at both the Union Store and the West Orange Store. At both stores, Plaintiff regularly worked five days a week[5]. Each day, Plaintiff would work from 9:00 am to 7:00 pm with two fifteen-minute breaks and a 30-minute lunch break for nine (9)

---

[5] Plaintiff occasionally worked six days a week.

hours each day[6]. Plaintiff therefore worked about forty-five (45) hours weekly throughout his employment.

29. Despite his job title as Chef, Defendants put Plaintiff as part of the management group for compensation purpose. At both stores, Plaintiff did not and had no authority to participate in the management of his department or the store.

30. At both the Union and the West Orange Stores, Plaintiff could not and did not participate in the designing of the menu for the food department.

31. At both the Union and the West Orange Store, Plaintiff had no discretion in determining the daily menu or the food to be prepared each day, and had no authority to make changes to the menu provided by ShopRite.

32. At both ShopRite stores Plaintiff had no assistance from a sous chef or any other individual in performance of his duty.

33. Plaintiff's primary duties consist of preparing food items according to the ShopRite menu and spent substantial amount of time doing prep works such as chopping vegetables and moving stock from storage.

34. Plaintiff could not and did not direct other employees in the performance of his duties.

35. Plaintiff did not perform any work directly related to assisting with the running or servicing of the Food Department or the store.

36. Plaintiff did not have authority to hire, fire, advance, promote, or otherwise change the status of other employees. Nor did Plaintiff make recommendations or suggestions about personnel matters.

37. Plaintiff does not hold a specialized academic degree in culinary arts.

---

[6] At the time of his hiring, Plaintiff was informed that his daily work schedule would be subjected to a 7:00 am to 10:00 pm time frame. After he started working, Plaintiff's daily work schedule was from 9:00 am to 7:00 pm.

38. Plaintiff does not receive a prolonged course of training prior to carrying out his duties of employment.

39. Throughout his employment, Plaintiff was paid a fixed weekly compensation regardless of the hours he actually worked.

40. Plaintiff was not compensated at least at one-and-one-half of his calculated hourly wage for all hours worked above forty (40) in each workweek.

## STATEMENT OF CLAIMS

### COUNT I.

### [Violations of the Fair Labor Standards Act—

### Overtime Wage Brought on behalf of the Plaintiff and the FLSA Collective]

41. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

42. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

43. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

44. Defendants' misclassification of Plaintiff and the putative collective members were willful and their failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

45. At all relevant times, Defendants had, and continue to have, a policy of practice of misclassifying employees as exempt to avoid paying overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek. Defendants' failure to pay overtime compensation violated and continues to violate the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

46. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

47. Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

48. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

### COUNT II.

### [Violation of New Jersey Labor Law—

### Overtime Pay Brought on behalf of Plaintiff and Rule 23 Class]

49. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

50. At all relevant times, Defendants had a policy and practice of failure to pay the overtime compensation to Plaintiff at one and one half times the hourly rate the Plaintiff and the class are entitled to.

51. Defendants' failure to pay Plaintiff was not in good faith.

52. By failing to pay Plaintiff and the class, the Plaintiffs and Class Members are entitled to recover from Defendants their full unpaid overtime pay, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursement of the action pursuant to NJWHL §§34:11-56a *et seq*

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, and the FLSA Collective Plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

   a) Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

   b) Certification of this case as a collective action pursuant to FLSA;

   c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual

Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

d) A declaratory judgment that the practices complained of herein are unlawful under FLSA and NJWHL;

e) An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f) An award of unpaid overtime wages due under FLSA and NJWHL plus compensatory and liquidated damages;

g) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to 29 U.S.C. §216;

h) An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to overtime compensation, pursuant to the NJWHL;

i) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NJWHL;

j) The cost and disbursements of this action;

k) An award of prejudgment and post-judgment fees; and

l) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York
July 10, 2017

           Respectfully Submitted,

           HANG & ASSOCIATES, PLLC
           *Attorneys for Plaintiff, Proposed FLSA*

*Collective and Potential Rule 23 Class*

/s/   Keli Liu
Keli Liu (#KL 9008)
136-18 39th Ave. Suite 1003
Flushing, NY 11355
Tel: (718) 353-8588
Fax: (718) 353-6288
Email: kliu@hanglaw.com